IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

2015 SEP 25  AM 10: 15

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

MARILU BENITEZ CRUCES,
                **Plaintiff,**

-vs-
                                           **Case No.  A-14-CA-1052-SS**

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,
                **Defendant.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Carolyn W. Colvin's Motion to Dismiss and Memorandum in Support [#9], Plaintiff Marilu Benitez Cruces's Response [#10] thereto, and the Report and Recommendation of United States Magistrate Judge Mark Lane [#12], to which Cruces has not objected.  Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders ACCEPTING the Report and Recommendation and DISMISSING this case as time-bared.

### Background

This is an appeal from a denial of social security disability benefits.  Cruces filed this action on November 21, 2014.  *See* Compl. [#1].  Cruces's Complaint challenges the August 28, 2013 denial of her social security benefits by the Social Security Administration's (SSA) Office of Disability Adjudication and Review (ODAR).  Colvin now moves to dismiss Cruces's claims, arguing this action is time-barred.



All matters in the case were referred to the Honorable Mark Lane, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  On June 25, 2015, the Magistrate Judge issued his report and recommendation, finding Cruces's Complaint should be dismissed with prejudice as time-barred.  Cruces did not file written objections to the Magistrate Judge's report and recommendation, and thus the Court is not required to review the report and recommendation de novo, but for plain error only.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).  Nonetheless, the Court has reviewed the entire file de novo and agrees with the Magistrate Judge's recommendation.

## I.      Factual History

On August 28, 2013, an Administrative Law Judge issued a decision denying Cruces's claim for social security benefits.  Cruces, represented by Gabriel Reyes of Reyes & Reyes Law Firm, PLLC, exhausted the administrative appeals process and on August 26, 2014, the Appeals Council mailed Cruces a notice of the right to commence a civil action, after which she had 60 days to file suit in district court.  On October 22, 2014, Reyes transferred the case to Jacqueline Nel, his colleague in the Dallas office of Reyes & Reyes.  That same day, Nel submitted to the Appeals Council a Request for Extension of Deadline to file a civil action in United States District Court due to her having just taken the case.  The Appeals Council denied the request on December 11, 2014, because although Nel was only recently retained as counsel for Cruces, her firm had represented

Cruces from the beginning of the litigation. Nel filed this action on November 21, 2014, twenty-two days after the 60-day deadline.

<strong>Analysis</strong>

Consistent with the Magistrate Judge's conclusion, it is clear Cruces filed her action after the limitations period ran. Because Cruces has failed to establish exceptional circumstances or defendant misconduct—the prerequisites for applying the doctrine of equitable tolling—the Court finds Cruces's action to be time-barred.

## I.      Statute of Limitations

"[A]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). A decision by the Appeals Council to deny a party's request for review becomes binding unless the party "files an action in federal district court within 60 days." *Id.* The sixty-day period constitutes a period of limitations. *See Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986). Courts interpret the sixty-day statute of limitations on filing a civil action as extending to include a five-day mailing period for a total time for filing of sixty-five days. *See id.* at 467; 20 C.F.R. § 422.210(c). The Appeals Council may grant an extension of time to file an action upon a showing of "good cause." 20 C.F.R. § 404.957.

As the Magistrate Judge correctly states, the instant action was filed after the 60-day limitation period ended. Cruces received an unfavorable decision from ODAR on August 28, 2013. On August 26, 2014, the Appeals Council declined to review the decision and mailed Cruces a notice of the right to commence a civil action within 60 days. While Cruces did request an extension of

time, it was ultimately denied by the Appeals Council and therefore did not alter the limitations window. The deadline to file an action in district court expired on October 30, 2014. Cruces filed this action on November 21, 2014, twenty-two days after the deadline. Consequently, the statute of limitations expired prior to filing suit, rendering the decisions of the SSA binding. *See* 42 U.S.C. § 405(h) ("The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing."). Unless Cruces is entitled to equitable tolling, this action must be dismissed with prejudice.

## II.     Equitable Tolling

The principle of equitable tolling allows for a discretionary waiver of statutes of limitations where their application creates an unjust result, and prevents them from becoming "controlling measures of equitable relief." *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946). Equitable tolling is sparingly applied, and the plaintiff has the burden of showing either (1) exceptional circumstances or (2) defendant misconduct. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). In the context of Social Security hearings, courts consider arguments for equitable tolling most convincing where both exceptional circumstances and administrative misconduct are present. *See Bowen*, 476 U.S. at 467–68. Cruces makes two arguments why equitable tolling is justified: exceptional circumstances resulting from the case's transfer and Appeals Council misconduct. The Magistrate Judge properly rejected both.

First, Cruces argues exceptional circumstances exist because Reyes transferred the case to Nel near the end of the limitations period. However, attorney transfers generally cannot compel a court to equitably toll the limitations period. *See Malone v. Colvin*, No. 3:14CV132 SAA, 2015 WL 475953, at *3 (N.D. Miss. Feb. 5, 2015) (declining to apply the doctrine of equitable tolling when

a change of attorney resulted in a claim being filed twenty-four days late). Indeed, administrative errors on the part of the plaintiffs are not exceptional circumstances. *See id.* Generally, where the Appeals Council notifies the claimant of the right to commence a civil action within 60 days, "notice to the attorney is not a factor in determining the period in which judicial review can be sought." *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991). Here, the untimely attorney transfer was an administrative error on the part of the Plaintiff and does not qualify as an exceptional circumstance. Even though Reyes transferred the case to Nel with little over a week to file, the law firm's failure to transfer sooner is not the type of circumstance that warrants equitable tolling. The transfer at hand falls particularly short of the exceptional circumstance requirement given the fact that Nel's own firm represented Cruces from the beginning of the litigation. Moreover, Nel requested the extension because she was waiting for Cruces to complete the necessary paperwork to file suit. *See* Resp. [#10] at 2. Neither Nel nor Cruces offer any excuse for the delay, and courts do not apply equitable tolling where a "plaintiff has inexcusably slept on his rights." *Holmberg*, 327 U.S. at 396.

Second, Cruces argues equitable tolling is justified because the Appeals Council committed misconduct by improperly delaying its decision and incorrectly denying her extension. To prevail on this argument, Cruces must show some *affirmative* misconduct on the part of the administrative agency. *See Myer v. Callahan*, 974 F. Supp. 578, 586 (E.D. Tex. 1997). There is no affirmative misconduct here. First, Nel's request for a time extension occurred fifty-seven days into the sixty-five day filing period. The Appeals Council cannot reasonably be expected to issue a timely decision on such a request, and there is no evidence suggesting the Appeals Council purposely delayed its decision. Second, Cruces is unable to show any affirmative misconduct by the Appeals Council in concluding she was unable to show good reason for filing late. Indeed, the Appeals Council was not

unreasonable in concluding the intra-firm transfer did not constitute good reason to justify filing late for the same reasons the transfer is not an exceptional circumstance as articulated above. Absent compelling equities concerns, district courts defer to the Appeals Council's decisions. *Bowen,* 476 U.S. at 479–80. Given the lack of compelling evidence to overcome the deference afforded to Appeals Council decisions, Cruces's claim of administrative misconduct is not supported by the evidence.

**Conclusion**

The instant action was filed outside the limitations period. Cruces has shown neither the exceptional circumstances nor the administrative misconduct courts require to equitably toll the statute of limitations. Therefore, Cruces's action is time-barred.

Accordingly,

IT IS ORDERED that the Report and Recommendation of United States Magistrate Judge Mark Lane [#12] is ACCEPTED; and

IT IS FINALLY ORDERED that Plaintiff Marilu Benitez Cruces's Complaint is DISMISSED WITH PREJUDICE as time-barred.

SIGNED this the 25ᵗʰ day of September 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE